RAYMOND J. LEE, APPELLANT, v. ROBERT A. CLEMENT, RESPONDENT.

Argued October 29, 1926—Decided January 31, 1927.

Where the plaintiff, a successful bidder at an auction sale, had knowledge, as disclosed by the auctioneer, of the agency and the identity of his principal, the promise made the day after the sale, by the auctioneer, to procure from the owners of the premises a written obligation to convey the premises to the plaintiff, was entirely voluntary and without the necessary legal consideration to support it.

On appeal from the Supreme Court.

For the appellant, *Edward F. Merrey.*

For the respondent, *Humphreys & Sumner.*

The opinion of the court was delivered by

MINTURN, J.   The learned trial court directed a judgment of nonsuit, and the legal propriety of that action is the subject of review.

The complaint averred that the defendant, Clement, an auctioneer, held an auction sale wherein he proposed to sell certain premises claimed to be the property of Martha W. Perrine and Martha W. Morris.   The plaintiff, assuming the correctness of the representations so made, through his father, John F. Lee, bid $11,500 at the sale, and paid ten per cent. to the defendant, Clement, the auctioneer; the terms being that $2,300 was to be paid in thirty days, and a mortgage to be executed for the balance of $8,050 to Perrine within thirty days thereafter; that Clement, the defendant, an auctioneer, promised to procure from the owners of the premises, a written obligation to convey the premises to the plaintiff, and that defendant failed so to do, but still holds the payment of $1,150, to recover which this suit was brought.

At the trial it appeared at the time the nonsuit was granted that the promise to procure a contract from the owners was

obtained the day after the sale; and the trial court held that such proposal was essentially *nudum pactum,* since it was made by the auctioneer entirely apart from the duties he was called upon to perform, and that he was under no obligation to personally perform an extraneous act which was entirely voluntary on his part. When the defendant, at the trial, undertook to introduce evidence as to the conditions of the sale, which evinced that they were the sole contract of the owners, the plaintiff acknowledged that he had seen the conditions of sale, but said that at the time he saw them they were not signed by the owners. While that situation may present a factual issue, it is at most merely incidental and not at all controlling, since the complaint alleges that at the sale the auctioneer disclosed his agency and the identity of his principals, as he was legally obligated to do. Therefore it is manifest that the later promise of the defendant was *dehors* the contract entirely voluntary and personal, and obviously without the necessary legal consideration to support it as the basis for an action. *Clyne* v. *Helmes,* 61 *N. J. L.* 359.

The judgment will be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 13.

*For reversal*—None.